UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABIA SHAHBAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　Defendant. | No. 2:24-cv-00431-DAD-SCR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT<br><br>(Doc. Nos. 9, 29) |

　　　　This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court (Doc. No. 29) and defendant's motion to dismiss plaintiff's claims (Doc. No. 9). The pending motions were taken under submission on the papers on April 8, 2024 and September 6, 2024. (Doc. Nos. 11, 33.) For the reasons explained below, plaintiff's motion to remand will be granted and defendant's motion to dismiss will be denied as having been rendered moot.

/////

/////

/////

/////

/////

1

# BACKGROUND

On December 21, 2023, plaintiff Rabia Shahbaz, on behalf of himself[1] and all other similarly situated California residents, filed a complaint initiating this action in the Sacramento County Superior Court against Arista Networks, Inc. ("defendant") and unnamed defendants Does 1–100. (Doc. No. 1 at 11.) In his complaint, plaintiff alleges as follows.

Arista is a "publicly held company" that "markets, sells and provides computer networking products and services, and generates sales" through its website, arista.com (the "Website"). (Doc. No. 1 at ¶¶ 1, 12.)[2] The putative plaintiffs are all residents of California who "have visited the Website either as consumers or potential consumers." (*Id*. at ¶ 22.) In order to use and benefit from the Website, users are informed that they must agree to defendant's Terms of Use ("Terms"). (*Id*. at ¶ 5.) The Terms prohibit users from using the Website in a manner that disparages defendant and, if a user violates the Terms, defendant may terminate their access to the Website without notice. (*Id*. at ¶ 6.) Plaintiff alleges that the Terms violate California's "Yelp Law," which provides as follows:

> A contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services. It shall be unlawful to threaten or seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section.

Cal. Civ. Code § 1670.8(a)(1)–(2). According to plaintiff, defendant has "engaged in an intentional business strategy to silence each and every customer or potential customer who visits the Website by purporting to bind users to defendant's Terms—immediately upon accessing the Website." (Doc. No. 1 at ¶ 15.)

---

[1] The court notes that plaintiff's complaint uses he/him pronouns to refer to plaintiff Shahbaz (Doc. No. 1 at 12), but defendant's briefing employs she/her pronouns in referring to plaintiff Shahbaz (Doc. No. 31 at 7). The court will adopt plaintiff's convention and use he/him pronouns throughout this order.

[2] Throughout this order, any use of paragraph numbers as pincites within Doc. No. 1 is in reference to plaintiff's complaint (Doc. No. 1 at 11–21), and not defendant's notice of removal (Doc. No. 1 at 1–9).

1    Based on the above allegations, plaintiff asserts the following two causes of action:
2 (1) violation of California's Yelp Law, California Civil Code § 1670.8; and (2) violation of
3 California's Unfair Competition Law ("UCL"), California Business and Professions Code
4 § 17200, *et seq*. (Doc. No. 1 at 18–20.) On February 7, 2024, defendant removed the action to
5 this federal court pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 on the grounds that this
6 court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA") because there is
7 minimal diversity, the putative class exceeds 100 members, and the amount in controversy
8 exceeds $5 million. (*Id*. at 2–7.) Subsequently, on March 13, 2024, defendant filed a motion to
9 dismiss plaintiff's complaint for failure to state a claim. (Doc. No. 9.) On April 4, 2024,
10 defendant filed a notice alerting the court that plaintiff had failed to respond to its motion as well
11 as a notice of supplemental authority. (Doc. No. 10.)[3] On April 19, 2024, plaintiff filed an
12 opposition to the motion to dismiss and a request for judicial notice. (Doc. Nos. 14, 15.) On May
13 3, 2024, defendant filed a reply in support of its motion to dismiss and a request for judicial
14 notice, along with an opposition to plaintiff's request for judicial notice (Doc. Nos. 16, 17, 18).
15 The parties subsequently filed additional notices of supplemental authority. (Doc. Nos. 22, 24,
16 26, 28.)

17    On August 22, 2024, while defendant's motion to dismiss was still pending, plaintiff filed
18 the pending motion to remand this action to the Sacramento County Superior Court, arguing that
19 while his allegations meet the criteria for filing in state court, his allegations do not meet Article
20 III standing requirements. (Doc. No. 29.) He also submitted a request for judicial notice in
21 support of that motion. (Doc. No. 30.) On September 5, 2024, defendant filed an opposition to
22 plaintiff's motion to remand and an accompanying request for judicial notice. (Doc. Nos. 31, 32.)
23 On September 16, 2024, plaintiff filed a reply in support of his motion to remand. (Doc. No. 34.)
24 /////
25 /////

---

[3] On April 8, 2024, the court then issued an order requiring plaintiff to show to cause in connection with his failure to file an opposition to the motion to dismiss or statement of non-opposition. (Doc. No. 11.) On April 10, 2024 plaintiff responded thereto and the order to show cause was discharged on April 11, 2024. (Doc. Nos. 12, 13.)

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Through CAFA, Congress broadened federal diversity jurisdiction over class actions . . . ." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013).

Under CAFA, federal courts have jurisdiction "over certain class actions, defined in [28 U.S.C.] § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court." *Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89. However, "[t]he rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1453(c)(1)).

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulwan v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). "Standing is an essential component of the case or controversy requirement of Article III, § 2 of the United States Constitution." *Am. Civ. Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (internal quotation marks and citation omitted). "When assessing a party's standing at the pleading stage, we accept all facts alleged in the complaint as true." *Shulwan*, 58 F.4th at 408 (citing *Vaughn v. Bay Env't Mgmt. Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009)).

1    Standing requires three elements: an "injury in fact," a causal connection between the
2  injury and the defendant's conduct, and the "likelihood that the requested relief will redress the
3  alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). "An injury in
4  fact must be concrete and particularized, . . . actual or imminent, [and] not conjectural or
5  hypothetical." *Id*. To be concrete and particularized, the injury must be real and must affect the
6  plaintiff in a personal way. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). A plaintiff
7  does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a
8  statutory right and purports to authorize that person to sue to vindicate that right." *TransUnion*
9  *LLC v. Ramirez*, 594 U.S. 413, 426 (2021) (quoting *Spokeo, Inc*, 578 U.S. at 341. Rather,
10 "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*.
11   Standing requirements are relaxed when cases implicate the First Amendment right to
12 freedom of speech. *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018) ("First
13 Amendment challenges 'present unique standing considerations' because of the 'chilling effect of
14 sweeping restrictions' on speech.") (quoting *Ariz. Right to Life Political Action Comm. v. Bayless*,
15 320 F.3d 1002, 1006 (9th Cir. 2003)). But "[e]ven in the First Amendment context, a plaintiff
16 must show a credible threat of enforcement." *Id*. (citing *Lopez v. Candaele*, 630 F.3d 775, 786
17 (9th Cir. 2010)). "In determining whether a plaintiff faces such a credible threat in the pre-
18 enforcement context, this Court considers three factors: 1) the likelihood that the law will be
19 enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete
20 detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the
21 plaintiff." *Id*. at 1171–72 (quoting *Lopez*, 630 F.3d at 786).

**DISCUSSION**

23   Before turning to plaintiff's motion to remand, the court first considers the parties'
24 respective requests for judicial notice in connection with plaintiff's motion. (Doc. Nos. 30, 32.)
25 **A.   Request for Judicial Notice**
26   With his motion to remand, plaintiff requests that judicial notice be taken of three orders
27 issued by California district courts. *See* Doc. No. 30-1, Order Remanding Case to State Court,
28 *Pulbrook v. Nationwide Mut. Ins. Co*., No. 3:24-cv-00469-MMC (N.D. Cal. May 22, 2024); Doc.

No. 30-2, Order Dismissing Complaint for Lack of Subject Matter Jurisdiction and Denying Motion to Dismiss or Transfer Venue as Moot, *Xavier Maldonado et al. v. BPS Direct LLC et al.*, No. 2:24-cv-00098-MRA-MAR (C.D. Cal. Aug. 9, 2024); Doc. No. 30-3, Order Granting Plaintiff's Motion to Remand and Denying Defendant's Motion to Dismiss as Moot, *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.*, No. 2:24-cv-02726-SVW-PD (C.D. Cal. Aug. 15, 2024). The court declines to take judicial notice of the orders appearing on the docket in these cases, as "judicial notice is not required for the court to consider the cited opinions as matters of law and potentially persuasive precedents."[4] *See Phillips v. Nat'l City Bank of Ind. First Franklin Div.*, 462 F. App'x 666, *1 n.1 (9th Cir. 2011).[5]

In connection with its opposition to plaintiff's pending motion to remand, defendant requests that judicial notice be taken of five orders issued by district courts and one reply brief filed in a district court case. *See* Doc. No. 32-1, Order Granting Defendant's Motion to Dismiss, *Shofet et al. v. Zillow Inc. et al.*, No. 2:24-cv-00092-SVW-BFM (C.D. Cal. July 22, 2024); Doc. No. 32-2, Order Granting Defendant's Motion to Dismiss, *Anderson et al. v. United Parcel Service of Am., Inc.*, No. 2:24-cv-00096-DSF-SSC (C.D. Cal. May 17, 2024); Doc. No. 32-3, Order Granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, *Roldan et al. v. Bank of America, N.A.*, No. 2:24-cv-00136-SPG-PD (C.D. Cal. July 23, 2024); Doc. No. 32-4, Order Granting Defendant's Motion to Dismiss for Failure to State a Claim, *Masry et al. v. Lowe's Companies, Inc. et al.*, No. 24-cv-00750-CRB (N.D. Cal. June 28, 2024); Doc. No. 32-5, Memorandum re: Motion to Dismiss and Order, *Lardizabal et al. v. Vanguard Group, Inc. et al.*, No. 2:24-cv-01577-MMB (E.D. Pa. June 6, 2024); Doc. No. 32-6, Plaintiffs' Reply in Support of their Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447, *In re Amazon Consumer Speech Litig.*, No. 2:24-cv-00089-HDV (C.D. Cal. Aug. 29, 2024). The court again declines to take judicial notice of the district court orders but will take judicial notice of the reply brief. *See*

---

[4] The court acknowledges that plaintiff has provided the court with a copy of the orders in these cases as required by Local Rule 133(i)(3).

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "pleadings, memoranda, expert reports, etc." from a different action).

**B.      Motion to Remand**

As stated above, plaintiff moves to remand this case to the Sacramento County Superior Court, arguing that the allegations in his complaint meet the criteria for the filing of his action in state court but do not meet the requirements for Article III standing. (Doc. No. 29 at 3–4.) As also noted above, Article III requirements are relaxed when cases implicate the First Amendment right to freedom of speech. *Italian Colors Rest.*, 878 F.3d at 1171. Here, California's Yelp Law provides that a "contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Cal. Civ. Code § 1670.8. Furthermore, under the Yelp Law, sellers or lessors may not "threaten or [] seek to enforce a provision made unlawful under this section, or [] otherwise penalize a consumer for making any statement protected under this section." *Id*. Accordingly, the court finds that the Yelp Law concerns a free speech right that is analogous to, or has a close relationship with, rights traditionally protected under the First Amendment, and is therefore subject to the relaxed First Amendment Article III standing requirements. *See O'Donnell v. Crocs Retail, LLC*, No. 2:24-cv-02726-SVW-PD, 2024 WL 3834704, at *3 (C.D. Cal. Aug. 15, 2024) ("While this case arises under California law, both history and legislative actions support the view that Cal. Civ. Code § 1670.8 concerns a free speech right that is analogous to, or has a 'close relationship' with, rights traditionally protected under the First Amendment . . . .") (internal quotation and citation omitted); *see also* Doc. No. 30-1 at 3, Order Remanding Case to State Court, *Pulbrook v. Nationwide Mut. Ins. Co.*, No. 3:24-cv-00469-MMC (N.D. Cal. May 22, 2024) ("Although the claim in the instant case is brought under a California statute rather than the First Amendment, both parties have relied on First Amendment cases . . . and the Court finds such cases provide the most analogous authority.") (citations omitted).

/////

/////

7

1.      Plaintiff Lacks Standing Under the Relaxed Requirements

Plaintiff's allegations do not satisfy even the relaxed Article III standing requirements applicable to his Yelp Law claim. Plaintiff alleges that he "visited the Website" and "accessed, used, and completed sales transactions on the Website." (Doc. No. 1 at ¶¶ 11, 22.) Plaintiff also alleges that the Terms include a threat of penalty, namely, that defendant may terminate access to the Website without notice to anyone that violates any of the Terms. (*Id*. at ¶ 6.) But nowhere in plaintiff's complaint does he make any allegation of a concrete harm that he suffered because of the Terms or allege any intent to violate the Terms or any likelihood that the Terms could be enforced against him. For instance, plaintiff does not allege that he read the Terms and then decided not to use the Website in a manner that disparaged defendant (perhaps by leaving comments on the website) or any other facts suggesting that the Terms chilled his speech. He also does not allege that he declined to use the Website at all because of the Terms, and instead alleges that he both used it and completed sales transactions on it. (Doc. No. 1 at ¶ 11.) Plaintiff further makes no allegation that he took any action that would put him at risk of the penalty described in the Terms (i.e. termination of his access to the Website) or that it is even possible to use the Website in a disparaging manner. The court thus finds that plaintiff has made no allegation of a concrete injury. *See* Doc. No. 30-1, Order Remanding Case to State Court, *Pulbrook v. Nationwide Mut. Ins. Co*., No. 3:24-cv-00469-MMC (N.D. Cal. May 22, 2024), at 4 (finding nothing "before the Court to support a finding that plaintiffs have suffered, or are in danger of suffering, a concrete injury sufficient to confer Article III standing" where the plaintiffs did "not allege they were silenced or stifled, but rather that [defendant's] conduct 'seeks' or 'is aimed' to have that effect").

Accordingly, the undersigned concludes that plaintiff lacks standing even under the above-described more flexible requirements that apply to Yelp Law claims. *See* Doc. No. 30-2, Order Dismissing Complaint for Lack of Subject Matter Jurisdiction and Denying Motion to Dismiss or Transfer Venue as Moot, *Xavier Maldonado et al. v. BPS Direct LLC et al*., No. 2:24-cv-00098-MRA-MAR (C.D. Cal. Aug. 9, 2024), at 5 (finding that the plaintiffs failed to satisfy standing requirements where they alleged that they "visited, used, or completed sales transactions

8

on" the defendant's website and the terms of use of the website included the threat of terminating the account of a user who leaves insulting comments about the defendant, highlighting that the plaintiffs made no allegations that their speech was chilled, that they declined to register for an account because of the terms, or that they even could be subject to the threat).

Plaintiff's UCL claim is derivative of his Yelp Law claim. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The complaint alleges that defendant "acted in a manner that is unlawful and unfair," suggesting that plaintiff seeks to pursue his UCL claim on both the unlawful and unfair prongs. (Doc. No. 1 at ¶ 11.) However, the "unfair" prong cannot be invoked through a bare allegation; a plaintiff must state "with reasonable particularity" the facts supporting the claim. *Khoury v. Maly's of Cal, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Whether conduct is unfair can be determined by a balancing test, whereby the court balances the impact of a business practice on its alleged victim against the "reasons, justifications, and motives of the alleged wrongdoer." *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.,* 72 Cal. App. 4th 861, 886. Courts look for whether the harm to the consumer is outweighed by the utility of the defendant's practice. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 735–36 (9th Cir. 2007). Plaintiff has not alleged anything regarding the relative weights of defendant's practice of operating the Website under the Terms and the harm to the consumer or made any other allegations supporting a UCL violation on the "unfair" prong. Instead, he concedes in his reply brief that his UCL claim is derivative of his Yelp Law claim, now suggesting that he only intends to pursue his UCL claim under the "unlawful prong." (*See* Doc. No. 34 at 4.)

As to the "unlawful" prong, "[t]he UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citation omitted). Without standing to bring a Yelp Law claim, a plaintiff does not have standing to bring a derivative claim under the "unlawful" prong of the UCL. *See* Doc. No. 30-2, Order Dismissing Complaint for Lack of Subject Matter Jurisdiction and Denying Motion to Dismiss or Transfer Venue as Moot, *Xavier Maldonado et al. v. BPS Direct LLC et al*., No. 2:24-cv-00098-MRA-MAR (C.D. Cal. Aug. 9,

2024), at 6 ("Therefore, because Plaintiffs lack standing to bring their Yelp Law claim, they similarly lack standing to bring their UCL claim."). Accordingly, the undersigned concludes plaintiff lacks standing as to all of his claims asserted in this action.

### 2. Defendant's Standing Arguments are Unpersuasive

In opposing the pending motion to remand, defendant argues that plaintiff's complaint does allege a sufficient injury to support Article III standing because he brings a UCL claim, which requires a plaintiff to plead both an injury in fact and economic injury. (Doc. No. 31 at 12.) Defendant points to the allegations in plaintiff's complaint that defendant enriched itself "at the expense" of plaintiff "including through payment of monies" and that plaintiff is entitled to restitution and "disgorgement of unlawful gains." (*See* Doc. No. 1 at 20.)

Plaintiffs who assert claims for restitution and damages under the UCL satisfy the injury-in-fact requirement if they can establish that the challenged practices caused them "some form of economic injury". *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 (9th Cir. 2013) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 330 (2011)). Economic injury exists where "the consumer paid more than he or she actually valued the product." *Clevenger v. Welch Foods, Inc.*, 501 F. Supp. 3d 875 (C.D. Cal. 2020) (quoting *Hinojos*, 718 F.3d at 1104). "For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'" *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 464 (2017). A plaintiff's allegation that he "spent money that, absent defendants' actions," he "would not have spent" is a "quintessential injury-in-fact." *Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011).

Here, plaintiff does allege that he is entitled to restitution and disgorgement, and that defendant enriched itself "at the expense" of plaintiff. (Doc. No. 1 at 20.) However, plaintiff fails to make any allegation that he completed transactions on the Website that he would not otherwise have completed or spent more on defendant's products than he otherwise would have spent, in light of the Terms. Accordingly, the court rejects defendant's argument that plaintiff's allegations are sufficient to demonstrate an economic injury. *See Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583 (2008) ("[P]laintiffs here do not allege they paid more for the insurance due to defendant's collecting a commission. They do not allege they could have bought the same

1    insurance for a lower price either directly from the insurer or from a licensed agent.  Absent such
2    an allegation, plaintiffs have not shown they suffered actual economic injury."); *cf Barnes v. Nat.*
3    *Organics, Inc.*, No. 22-cv-00314, 2022 WL 4283779, at *4 (C.D. Cal. Sept. 13, 2022) (finding
4    that the plaintiffs adequately pled injury-in-fact by alleging they would not have purchased
5    vitamins if the manufacturer had disclosed the presence of heavy metals on the product labels);
6    *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 849 (N.D. Cal. 2018) (holding that the plaintiffs
7    sufficiently pled economic injury by alleging they would not have purchased dog food if the
8    manufacturer had disclosed the presence of lead, arsenic, and BPA in it).
9    　　　　Next, defendant points to similar cases that plaintiff's counsel in this action has recently
10   initiated pursuing claims under the Yelp Law to argue that the court should dismiss this case on
11   the merits and prevent plaintiff from avoiding federal jurisdiction through artful argument and
12   vague allegations.  (Doc. No. 31 at 15–16.)  As noted previously, defendant has attached five
13   district court orders issued in similar cases in support of its opposition to the motion to remand.
14   (Doc. Nos. 32-1–32-5).  Four of the orders upon which defendant relies granted motions to
15   dismiss on the merits, and one denied a motion to remand based upon the "local controversy"
16   exception to CAFA jurisdiction.  (*Id*.)  In none of these orders did the district court consider the
17   issue of Article III standing, and in reviewing the dockets in each of the cases cited by defendant,
18   the court confirms that Article III standing was not raised prior to the district judge issuing the
19   orders that defendant relies upon here.  The court thus finds defendant's argument that dismissing
20   plaintiff's claims on the merits would be more in line with the "weight of recent precedent" to be
21   somewhat misleading (Doc. No. 31 at 15), and rejects this argument as inconsistent with the
22   court's obligation to address questions of standing before turning to merits.  Because plaintiff
23   lacks standing, the court "lacks authority to adjudicate the claim" and will decline to address the
24   merits as would be necessary to rule on defendant's pending motion to dismiss.  *Fernandez v.*
25   /////
26   /////
27   /////
28   /////

*23676-23726 Malibu Rd., LLC*, 74 F.4th 1061, 1063 (9th Cir. 2023) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).[6]

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's request for judicial notice (Doc. No. 30) is denied;

2. Defendant's request for judicial notice (Doc. No. 32) is granted in part and denied in part;

3. Plaintiff's motion to remand (Doc. No. 29) is granted;

4. Defendant's motion to dismiss (Doc. No. 9) and all related requests for judicial notice (Doc. Nos. 15, 17) are denied as moot;

5. This action is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

6. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 30, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[6] The undersigned certainly appreciates defendant's frustration with what it describes as plaintiff's "improper tactics" to "eschew [his] prior allegations." (Doc. No. 31 at 17.) However, no authority has been presented that would support dismissal of this action rather than remand in light of this court's determination that plaintiff lacks standing to bring the claims asserted in this action. *See* Doc. No. 30-3, Order Granting Plaintiff's Motion to Remand and Denying Defendant's Motion to Dismiss as Moot, *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.*, No. 2:24-cv-02726-SVW-PD, Doc. No. 38 at 9 (C.D. Cal. Aug. 15, 2024) ("Plaintiffs have deliberately pleaded their case in a weak form to evade this Court's jurisdiction. It is up to the state court to determine if Plaintiffs' watered-down allegations are sufficient to sustain a claim under Cal. Civ. Code § 1670.8.")